IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER ERIC WILLIAMS, )
#S-09036, )
 )
    Plaintiff, )
 ) CASE NO. 10-cv-857-JPG
vs. )
 )
UNKNOWN UNITED STATES )
GOVERNMENT EMPLOYEES, )
 )
    Defendants. )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Christopher Eric Williams, an inmate in Dixon Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a five-year sentence for aggravated battery. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A and shall dismiss this action.

**Discussion**

Plaintiff's complaint raises no discernible issues that might state a claim for violation of his constitutional rights. He states, for example:

> I think these United States Government Employees are trying to move me from the State of Illinois for the purpose of gay: homosexual marrages [sic] knowing that the State of Illinois does not support marring [sic] gay couples for unknown reasons . . . . I think these United States Government Employees convinced State, County, and Municipal to . . . push[] me to another state supporting gay marriage to marry me for the purpose of being extreamly [sic] rich.

(Doc. 1, p. 4-5). The rest of Plaintiff's brief complaint mentions a BMI music contract, states that Plaintiff was "pushed away from his mother's house" in 2007 and states he is "worried about being pushed away" from his family. He concludes that he is "worried about being held hostage if

these criminal minded people succeeded with all of the above" (Doc. 1, p. 5).

In addition to his failure to allege any constitutional claim, neither Plaintiff nor any defendant appear to have any connection with the Southern District of Illinois. Plaintiff was convicted in Sangamon County, and is serving his sentence in the Dixon Correctional Center, which are located in the Central District and Northern District of Illinois, respectively. *See* 28 U.S. C. § 93. Plaintiff also failed to sign his complaint, evidently being under the mistaken impression that he is a defendant in this action, as he was designated while being tried for a criminal offense in state court. Finally, Plaintiff falsely stated that he had not filed any other lawsuits in federal court, when in fact he had filed a prior action in this district just two months before filing this case.

While Plaintiff could potentially be moved to another state in order to face criminal charges there (if any such charges were pending), either during or after the completion of his sentence in the Illinois Department of Corrections, this Court cannot conceive of any set of circumstances that would result in Plaintiff being moved out of state by government officials for the purpose of entering into a marriage, homosexual or otherwise.

In any event, the Seventh Circuit has instructed that a case may be dismissed "when the factual allegations are incredible." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002) (citing *Blackledge v. Allison,* 431 U.S. 63, 76 (1977)). "Usually suits are dismissed as frivolous because there is absolutely no legal basis for the plaintiff's claim. Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable[.]" *Id.* Such is the case with Plaintiff's allegations; they are frivolous at best, delusional at worst. Accordingly, the complaint must be dismissed.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint is frivolous, and thus is **DISMISSED** with prejudice. All Defendants are **DISMISSED** from this action with prejudice.

Plaintiff is **ADVISED** that if he should file any future civil rights action during his incarceration, he should list himself as the Plaintiff, he must sign his complaint, and he must fully disclose to the court a complete list of his previously filed cases and their disposition. The Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), thus the need for reliable information about prior litigation. Where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011).

Plaintiff is further **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the case was filed, thus the filing fee of $350 remains due and payable, as does Plaintiff's $350 filing fee in his previously-filed case, *Williams v. Unknown Party*, Case No. 10-cv-617-JPG (S.D. Ill. filed August 12, 2010) (dismissed for failure to comply with a court order). *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED: June 2, 2011**

    *s/J. Phil Gilbert*
**United States District Judge**